# Knowles *v.* The State.

*Indictment for Selling Intoxicating Liquors.*

80    9
131   36

1. *Finding of the court upon testimony, not reviewed on appeal.*—In a prosecution for a misdemeanor, before the County Court, the case being submitted to the decision of the court without the intervention of a jury, its finding on the facts can not be reviewed, or revised, by this court, on appeal.

2. *Whether liquor sold, was intoxicating, may be shown by its effects on those using it.*—In a prosecution for selling intoxicating liquor, in viola-

[Knowles v. The State.]

tion of a local prohibitory law, a witness for the prosecution having testified, that the liquor, or beverage sold by the defendant, produced on him effects similar to those produced by whisky, it is competent for the defendant to prove by other witnesses who had drunk it, that it had no intoxicating effect on them.

APPEAL from Wilcox County Court.

Tried before HON. JOHN PURIFOY.

Mat Knowles was indicted, and tried in the Wilcox County Court, for selling intoxicating liquors in violation of a local statute. The case was tried by the court, on the plea of "not guilty," the defendant was found guilty, and a fine of one thousand dollars adjudged against him. One of the witnesses for the State testified that he had bought of the defendant three bottles containing fruit, with liquid around the fruit; that he and another had eaten of the fruit, and drunk the liquid that was in the bottles; that the effect of this eating and drinking upon witness was like the effect of drinking whisky; that he felt like he was intoxicated. After the State had closed, the defendant introduced a witness, Dock Griffith, who testified that he had many times bought of the defendant the same kind of fruit and liquid in bottles, described by the witnesses for the State, and had eaten the fruit and drunk the liquid without feeling any intoxicating effect, or any such effect as he experienced from drinking whisky. The solicitor moved to exclude this testimony of defendant, on the ground that it was irrelevant; and, the same was excluded by the court. The defendant introduced a number of other witnesses, who testified, substantially, as the witness Griffith, that they had purchased of the defendant fruit and liquid, such as was testified about by the witnesses for the State, had eaten the fruit and drunk the liquid, without feeling any intoxicating effects. Their testimony was also, upon motion of the solicitor, excluded by the court. Defendant excepted to these several rulings of the court, and, on appeal, assigns the same as error.

T. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—Under the rule announced in *Bell v. The State*, 75 Ala. 25, this court has no jurisdiction and must therefore decline to review the finding of the County Court of Wilcox county upon the testimony set out in the record. See also *Calloway v. The State*, 75 Ala. 56; Acts, 1880–81, p. 295.

The indictment is for selling intoxicating liquor in violation of a prohibitory liquor law, approved December 12, 1882, and made applicable to the county of Wilcox.—Acts 1882–83, pp. 254–255.

The court, in our judgment, erred in excluding the state-

ments of the several witnesses, who testified as to the effect upon themselves of the beverage for the sale of which the State had elected to prosecute the defendant. The question for decision was the intoxicating quality of this fluid or beverage, which contained cherries, and was sold in bottles by the defendant. A witness for the State had testified that its effect upon himself and another person had been similar to that ordinarily produced by whisky. It was competent to show by others that its effect on them, when drank in appreciable quantities, was not intoxicating. The most available mode of testing the nature and properties of a fluid or drug, next to that of chemical analysis, is by its effects on the human system. That a liquor when taken in certain quantities intoxicated or failed to intoxicate the person taking it, is as competent to prove or disprove its intoxicating qualities, as it would be to prove the poisonous nature of a drug by the effect following its administration. Negative testimony of this kind may often be very weak and inconclusive, because of the comparison involved in determining the relative facility with which different persons may or may not become intoxicated or drunk. But we can not say what would have been the effect of this evidence upon the mind of the judge, who was substituted for the jury as the trier of the facts of the cause. We decide nothing more than the admissibility of this evidence, leaving to the County Court itself to decide what shall be its weight or credibility.

The judgment is reversed and the cause remanded.