JUDGE HIGHTOWER v. THE STATE.

No. 3827. Decided May 13, 1908.

**1.—Assault to Murder—Evidence—Irrelevant Testimony.**

Where upon trial for assault with intent to murder, the testimony showed that the defendant had separated from his wife; that he went where his wife was to see his child, and took it in his arms to carry it away, which his wife endeavored to prevent; testimony that he had been married several times before he married his last wife, and had been divorced or separated from said previous wives, was inadmissible.

**2.—Same—Charge of Court—Grouping Facts—Adequate Cause.**

Upon trial for assault with intent to murder, where the court in charging upon aggravated assault attempted to group the facts upon which the issue of manslaughter was predicated, and practically instructed the jury that they would have to believe all the circumstances before defendant would be entitled to a verdict of aggravated assault, the same was reversible error.

Appeal from the District Court of Rusk. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Turner & Turner* and *R. T. Brown,* for appellant.—On question of charge on manslaughter and aggravated assault: Spivey v. State, 30 Texas Crim. App., 343; Roch v. State, 105 S. W. Rep., 202; Lara v. State, 50 Texas Crim. Rep., 163; 14 Texas Ct. Rep., 7; Ledbetter v. State, 26 Texas Crim. App., 22; Connell v. State, 45 Texas Crim. Rep., 142; 8 Texas Ct. Rep., 127.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of assault with intent to murder, and his punishment assessed at three years confinement in the penitentiary.

The evidence shows that appellant had separated from his wife and went where his wife was staying to see his child, and took the child in his arms and proposed to carry it away, and at this the wife protested and called in other parties to assist her in preventing appellant from carrying out his purpose. On the trial of the case, over appellant's objection, the court permitted the State to prove that appellant was married to a woman by the name of Ada about seven years before he was married to Mattie, his present wife; that defendant separated from Ada and was divorced from her; that before defendant was married to Ada, about five years before, he was married to a woman by the name of Mary, and that he was separated from Mary and divorced from her; that when defendant was a young man he was married to a woman by the name of Catharine, and that he was separated from Catharine; that Catharine removed to her father's house and although not divorced from her at the time she died, he refused to attend her funeral and see her buried. None of this testimony was admissible. It threw no light upon this transaction and could serve but one purpose, and that was to prejudice the rights of appellant.

The tenth ground of the motion for a new trial complains that the court erred in the third paragraph of his charge wherein he grouped a lot of facts and told the jury that if they believed these facts existed, and thereby the mind of the defendant was inflamed so as to render it incapable of cool reflection, they would find him guilty of an aggravated assault, whereas if any one of these facts were true, and his mind

was so inflamed by reason of the same so as to render his mind incapable of cool reflection, he would only be guilty of an aggravated assault, and failed to tell the jury, that if any other facts or circumstances in the case rendered his mind incapable of cool reflection, he would only be guilty of an aggravated assault. Paragraph 3 of the court's charge is as follows: "You are further instructed that if you believe from the evidence beyond a reasonable doubt that the defendant struck and cut Mattie Hightower as set out in paragraph 1 of this charge, but you further believe from the evidence that at the time of the difficulty or shortly before the defendant, Judge Hightower, went to the place in the road where the difficulty occurred for the purpose of seeing his child and that a tussle over said child ensued between defendant and Mattie Hightower and Melissa Waldon, the mother of Mattie Hightower, taking part with Mattie Hightower against defendant for the possession of the child, and that Mattie Hightower or Melissa Waldon or both acting together used abusive and insulting language to defendant and assaulted him, took hold of him, threw him down on the ground, and beat him with their hands and fists and sent messengers for other people to come to their assistance, and one or both of them called for the gun, and that on account of said acts, words and conduct of Mattie Hightower and Melissa Waldon or either of them acting together towards defendant, that defendant's mind was so excited by passion, such as anger, rage, sudden resentment or terror, as to render him incapable of cool reflection and that said acts and conduct of Mattie Hightower and Melissa Waldon would have been sufficient to render the mind of a person of ordinary temper incapable of cool reflection, and that defendant's mind was rendered incapable of cool reflection by the acts, words and conduct above set forth, and while in this condition of mind he formed the design and intention to kill Mattie Hightower and struck and cut her in pursuance of a design to kill, formed under these circumstances, then you will find defendant guilty of an aggravated assault." This charge is subject to the criticism that appellant urges against it. It would not necessarily follow that all of the circumstances grouped by the court should exist in order to constitute manslaughter. In fact, it is never proper to group the facts but a court should tell the jury that if under the circumstances his mind was incapable of cool reflection by all the facts surrounding him at the time he would be guilty of manslaughter. The reports of this court are replete with decisions giving proper charges on manslaughter, and it has always been held that it is not proper for a court to attempt to group the facts upon which the issue of manslaughter is predicated. To do so is practically telling the jury that they would have to believe all the circumstances before appellant would be entitled to a verdict of manslaughter. It follows, therefore, that the charge is incorrect.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*