(82 South. 423)

CARDEN v. STATE. (8 Div. 179.)

(Supreme Court of Alabama. June 5, 1919. Rehearing Denied June 30, 1919.)

1. HOMICIDE ⚬⚬300(14)—SELF-DEFENSE—INSTRUCTIONS.

The requested charge in a homicide case, "If the jury find from all the evidence that the deceased was a young and vigorous man, and that he assaulted the defendant, delivering hard blows and holding him by the throat, choking him in such way that defendant could not release himself, and such blows and choking made it appear to a reasonable man that he, the defendant, was in imminent and manifest danger of death or grievous bodily harm, then the defendant would have the right to shoot the deceased, if the defendant was free from fault in bringing on the difficulty," was properly refused, as pretermitting honest belief on the part of defendant as to any peril of life or limb.

2. HOMICIDE ⚬⚬203(7) —DYING DECLARATIONS—PRELIMINARY PROOF.

In a homicide case, testimony that deceased had said, "C. killed me, but he has not scared me," and, "I am not afraid to die," was sufficient preliminary proof disclosing consciousness of deceased of impending death to admit admission in evidence of statement made by deceased concerning the difficulty.

3. CRIMINAL LAW ⚬⚬1169(5)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where witness testified to a statement made by him to the accused immediately following a shooting, court being at first of opinion that such statement was admissible as part of res gestæ, but, ascertaining upon inquiry of witness that accused made no reply, immediately stated to jury that statement was excluded, and especially instructed them that they were not to consider the same, there was no reversible error.

⚬⚬For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. CRIMINAL LAW ⬤338(7)—EVIDENCE—MATERIALITY.

In a homicide case, court did not err in refusing to permit the accused to testify that his wife was sick in bed at the time of the trial.

5. CRIMINAL LAW ⬤476—EVIDENCE—OPINION OF PHYSICIAN—FATAL SHOT.

In a homicide case, accused having shot deceased five times, it was permissible for the examining physician to state which in his opinion was the most fatal shot.

6. WITNESSES ⬤406—CONTRADICTORY EVIDENCE—LAYING FOUNDATION.

Where testimony of witness for the state was by way of contradiction of the testimony given by the accused's father and himself, it was competent, and the rule as to necessity for proper predicate was not applicable.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Harvey Carden was convicted of murder, and appeals. Affirmed.

Charge 1, refused to the defendant, is as follows:

If the jury find from all the evidence that the deceased was a young and vigorous man, and that he assaulted the defendant, delivering hard blows and holding him by the throat, choking him in such a way that defendant could not release himself, and such blows and choking made it appear to a reasonable man that he, the defendant, was in imminent and manifest danger of death or grievous bodily harm, then the defendant would have the right to shoot and kill the deceased if the defendant was free from fault in bringing on the difficulty.

While R. F. Ardis was testifying he began to tell of a statement made by the deceased after he was shot, and on objection by the defendant the court asked the witness what the deceased had said about dying, and the witness answered and said: "Carden killed me, but he has not scared me." On further interrogatory the witness answered that the deceased said: "'I am not afraid to die;' he never said anything about going to die; he just said, 'He killed me, but has not scared me.'"

Milo Moody, of Scottsboro, for appellant. J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for appellee.

GARDNER, J. Appellant (defendant) was indicted for the murder of one John Hall, and convicted of murder in the second degree—his punishment being fixed at 40 years in the penitentiary.

Defendant killed deceased by shooting him with a pistol—five shots being fired; all of them meeting their mark. The killing was not denied, but the defendant relied upon the doctrine of self-defense, in that the deceased was striking him with a knife with one hand and choking him with the other.

The testimony for the state tended to show the guilt of defendant as charged, and that two shots were fired at deceased after he had fallen to the ground; also that deceased had no knife or other weapon in his hand.

[1] Only a few questions are presented for consideration by this record. The first relates to charge 1 refused to the defendant, which bears upon the doctrine of self-defense. If not otherwise faulty, we think the charge was properly refused as pretermitting the honest belief on the part of defendant as to any peril of life or limb. Cheney v. State, 172 Ala. 368, 55 South. 801.

[2] It is clear that sufficient preliminary proof was offered, disclosing the consciousness of deceased of impending death, to admit the statement offered in evidence as made by him concerning the difficulty. Gerald v. State, 128 Ala. 6, 29 South. 614.

[3-6] The witness Wilbourn testified to a statement made by himself to the defendant immediately following the shooting, which the record discloses the court was at first of the opinion was admissible as part of the res gestæ, but, ascertaining upon inquiry of the witness that the defendant made no reply, the court immediately stated to the jury that the statement was excluded, and expressly instructed them that they were not to consider the same. There is clearly in this no reversible error. Nor was there error in the refusal of the court to permit the defendant to testify that his wife was sick in bed at the time of the trial. It was also entirely permissible for the examining physician to state that, in his opinion, the most fatal shot was that through the abdomen. The testimony of witnesses Horton and Martin for the state was by way of contradiction of the testimony given by the defendant's father and himself, and was therefore entirely competent, the rule as to necessity for proper predicate not being applicable.

One or two other questions appear for consideration, but they are not of such character as require discussion here. Suffice it to say that, fully mindful of our duty in cases of this character, they have been carefully considered in consultation, and we find no error in any of them.

No reversible error appearing, the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes