## ADKINS v. CAMP et al.　(7 Div. 497.)

(Supreme Court of Alabama.　Oct. 29, 1925.)

**1. Sheriffs and constables ☞168(2) — Special plea, setting up self-defense in action on sheriff's bond for killing of plaintiff's intestate by deputies, held fatally defective.**

In action on sheriff's bond for death of plaintiff's intestate, when shot by sheriff's deputies while attempting to make an arrest, special plea setting up self-defense, and that intestate was killed by deputy while acting in defense of his brother, held fatally defective, for failure to show that intestate was responsible for alleged danger to deputy's brother, or that it was necessary for deputy, in repelling such danger, to kill intestate.

**2. Sheriffs and constables ☞168(2)—Special self-defense plea in action on sheriff's bond for killing of intestate by sheriff's deputies held fatally defective for failure to allege bona fide belief on part of deputy of existence of apparent peril.**

In action on bond of sheriff for death of plaintiff's intestate when killed by sheriff's deputies while attempting to make arrest, special plea setting up self-defense, and that intestate was killed by deputy while acting in defense of his brother, held fatally defective in failing to allege in connection, with alternative averment of apparent peril to deputy's brother, reasonable and bona fide belief on part of deputy in existence of such peril.

**3. Sheriffs and constables ☞157(3) — Sheriff and his bondsmen not liable for conduct of deputies, unless acting within scope of authority or under color of their office.**

Sheriff and his bondsmen will not be liable for conduct of deputies in slaying plaintiff's intestate, unless such slayers were acting as deputy sheriffs in scope of their authority or under color of their office.

**4. Sheriffs and constables ☞171 — Whether deputy sheriffs, in slaying plaintiff's intestate, were acting within scope of their authority or under color of office, held for jury.**

In action on bond of sheriff for killing of plaintiff's intestate by sheriff's deputies while attempting to make arrest, whether deputies were acting as deputy sheriffs, either within scope of their authority or under color of their office, held for jury.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action by J. F. Adkins, as administrator of the estate of John W. Adkins, deceased, against Lester H. Camp and the United States Fidelity & Guaranty Company. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

The plaintiff administrator sues the sheriff of De Kalb county and his official bondsman for the wrongful killing of his intestate, and the complainant alleges:

"The condition of said bond has been broken, in this, that the said Lester H. Camp, after en-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 592.

tering upon the performance of his duties as such sheriff, appointed one Warner Adkins as his deputy, and said Warner Adkins, while acting as such deputy on the 21st day of August, 1922, summoned Burnett Adkins and Kirk Ellison to assist him in the arrest of Reynolds and Andrew Adkins in De Kalb county, Ala., for an alleged misdemeanor, and while in the performance of this act the said Warner Adkins and his said assistants wrongfully fired upon, and killed plaintiff's intestate."

Besides the general issue, defendants pleaded special plea 2:

"That, at the time John Adkins, deceased, was shot and killed by Burnett Adkins, the said Burnett Adkins was acting in defense of his brother Warner Adkins, who was free from fault in bringing on the difficulty, that there was a present impending peril to the life of said Warner Adkins, or danger of great bodily harm to him, so apparent as to create a bona fide belief of the existing necessity, and that there was no reasonable mode of escape by retreat or by declining the combat without increasing his peril."

Numerous grounds of demurrer were interposed to this plea, among others that—

"Said plea does not allege said Warner Adkins' peril arose from, or proceeded from, or existed by reason of, any act or conduct or threatened act or conduct whatsoever of deceased at the time when said Burnett Adkins shot deceased."

The demurrer was overruled, and the case was tried on the pleadings as stated. The evidence is sufficiently stated in the opinion.

At defendant's request, the trial judge instructed the jury that—

"If you believe from the evidence that Warner Adkins was not attempting to arrest Andrew Adkins at the time the difficulty arose, but that the difficulty arose about his having arrested the deceased prior to that time, then your verdict should be for the defendant, regardless of who was at fault in bringing on the difficulty, and regardless of whether the killing was wrongful or not."

The jury found for defendants, and there was judgment accordingly, from which plaintiff appeals.

W. A. Denson, of Birmingham, for appellant.

Plea 2 is fatally defective, and demurrer thereto was erroneously overruled. Kuykendall v. Edmondson, 208 Ala. 553, 94 So. 547; Richards v. Burgin, 159 Ala. 287, 49 So. 294, 17 Ann. Cas. 898. The giving of the charge for defendants that, unless Warner Adkins was attempting to arrest Andrew Adkins at the time of the difficulty, there could be no recovery, constituted reversible error. If deceased was wrongfully shot, and the deputies were acting in the scope of their employment, or under color of office, the defendants would be liable. Code 1923, § 2612; Deason v. Gary, 189 Ala. 675, 66 So. 646.

A. E. Hawkins and Isbell & Scott, all of Ft. Payne, and J. Q. Smith, of Birmingham, for appellees.

If plaintiff was not entitled to recover under the general issue, error, if any, in rulings on demurrer to the special plea, was without injury. Smith v. Davenport, 12 Ala. App. 456, 68 So. 545; Culberson v. Empire Coal Co., 156 Ala. 419, 47 So. 237; Peck v. Karter, 141 Ala. 668, 37 So. 920; Supreme Court rule 45. If the act was not done under color of office, defendants are not liable. Burge v. Scarbrough, 211 Ala. 377, 100 So. 653.

SOMERVILLE, J. [1, 2] The special plea setting up self-defense is fatally defective in its failure to show that plaintiff's intestate was responsible for the alleged danger to Warner Adkins, or that it was necessary for Burnett Adkins, in repelling such danger, to kill the intestate. It is also defective in failing to allege, in connection with its alternative averment of apparent peril to Warner Adkins, a reasonable and bona fide belief on the part of Burnett Adkins in the existence of such peril. Hill v. State, 194 Ala. 11, 69 So. 941, 2 A. L. R. 509; Mizell v. State, 184 Ala. 16, 63 So. 1000; Francis v. State, 188 Ala. 39, 65 So. 969. These defects were pointed out by apt grounds of demurrer, and the demurrer should have been sustained.

It is insisted, however, for the defendants, that the error in that respect is not available for reversal of the judgment, because the evidence failed to show that the members of the slaying party, or any of them, were acting as deputy sheriffs when they engaged in the altercation with Andrew Adkins and the intestate, but that the altercation, and the consequential killing of the intestate therein, were the result of a pre-existing feud, growing out of a former arrest of the intestate.

[3] That the slayers were acting as deputy sheriffs, either within the scope of their authority, or under the color of their office, is of course an essential element of the liability of the sheriff and his bondsman for their conduct. But our examination of the testimony in the case convinces us that defendants' contention—that on that issue they were entitled to the general affirmative charge—is untenable.

[4] It appears without dispute that the deputy Warner Adkins had a warrant for the arrest of Reynolds Adkins, a brother of Andrew and the intestate, who was with them when the party of deputies appeared at the scene of the killing; that Warner Adkins had that day deputized his brother Burnett and Kirk Ellison to assist him in making the arrest; that they were all fully armed; and that they knowingly went to the locality where Reynolds and Andrew and John Adkins, the intestate, were to be found, and, according to the testimony of Andrew

Adkins and Jim Grigsby, the deputies prompt-ly undertook, on their arrival at the scene, to disarm Andrew by taking his pistol from him. Under these conditions, however the weight of the evidence may have been, we think it was open to the jury to find that the mission of the deputies was to arrest Reynolds Adkins under the warrant they held, and that they attempted to disarm Andrew as an initial and a necessary step in the accomplishment of that purpose.

The charge given for defendants, restrict-ing their liability to the circumstance of an attempted arrest of *Andrew* Adkins by War-ner Adkins was erroneous, for the reasons just above stated. And, very clearly, the difficulty may have arisen from the ill feel-ing resulting from a previous arrest of the intestate, and yet the killing may have been done in the course of the exercise of official authority by the deputies.

The record exhibits many other assign-ments of error, upon rulings which will scarcely be presented again, and their dis-cussion therefore seems unnecessary, further than to·observe that some of the statements made in argument by counsel for defendants were unauthorized and improper, and should be avoided on the next trial of the cause.

For the errors noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.