148 So. 333

## EVERS v. STATE.

8 Div. 567.

Court of Appeals of Alabama.
March 21, 1933.

Rehearing Denied April 11, 1933.

Street & Bradford, of Guntersville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

**RICE, Judge.**

The transcript on this appeal, while confused, yet contains, in substance, the matters and things required by Supreme Court rule 26, Code of Ala. 1923, vol. 4, p. 887. It seems our jurisdiction is properly invoked. The indictment and judgment entry, showing the necessary judgment of conviction etc., appear in the transcript to be regular and sufficient. To be sure, there are a large number of motions, counter motions, demurrers, orders, etc., a reading of which is calculated to throw some doubt upon the authenticity, etc., of the judgment of conviction from which this appeal is taken. But, as indicated, it appears regular, and, the transcript bearing the due and necessary "certificate of the Clerk," etc., we are not advised of any prerogative of ours to undertake to go behind the record as submitted to us.

If, by the peculiar circumstances shown, we have doubt as to this proposition, it is rendered untroublesome by reason of the fact that appellant's bond, executed upon taking the appeal, coupled with the bill of exceptions prepared by him—both being his acts—confirm the recitals in the judgment in the judgment entry upon which the appeal rests, that he was duly and regularly tried, convicted, and sentenced, all in exact accordance with said recitals. So he cannot be harmed by our proceeding to consider the appeal upon its merits. Supreme Court Rule 45.

This is the second appeal in this case. The disposition of the first, as well as what we consider an ample outline of the testimony—not substantially different on the second trial—resulting in this appeal—from that on the first, may be found in 23 Ala. App. 533, 128 So. 465.

It was uncontroverted that appellant shot and killed one Norris Scarborough, a deputy sheriff. The plea was self-defense.

While there seems no doubt that deceased was the aggressor, yet we are persuaded, after a careful study of the testimony, that the issues were properly left to the jury for their decision, and that their verdict, having been allowed to stand by the trial court, who saw and heard the witnesses, should not be overturned by us. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

We have carefully examined each exception reserved on the taking of testimony. It would unduly extend this opinion, and serve no useful purpose, to treat each of them separately. Suffice to say that in no instance do we find the exception to be based upon a ruling infected with error prejudicial to appellant. In the several rulings admitting testimony which was later excluded—if the original ruling was erroneous, which we do not decide—we are of the opinion, and hold, that the act of excluding said testimony completely cured any harm that may have been done in its admission. We do not mean to hold that the later exclusion of testimony improperly admitted will always cure the error, if there is error, in the original admission of same; but that, in the circumstances shown here, the difficulty in determining in each instance the admissibility vel non of the several bits of testimony under consideration, etc., the action of the court in later excluding same was all that the appellant could rightfully ask. Mizell v. State, 184 Ala. 16, 63 So. 1000; Carden v. State, 203 Ala. 173, 82 So. 423.

The trial court's excellent oral charge, in connection with the very large number of written charges given at appellant's request, fully, accurately, and completely covered every phase of the applicable law. In fact, in numerous instances, in the written charges, especially, was the law as given to the jury expressed more favorably to appellant's contention than he had a right to request. There was error in the refusal of no one of the written requested charges which was refused.

The case appears to us to have been fairly tried. It does appear, or, rather it is reasonably surmisable, that the appellant was tried under disadvantageous circumstances—he having admittedly slain a deputy sheriff, whose chief and associates we know, from trial experience, had much, indirect at least, influence upon the jurors (though we do not mean to intimate that they improperly exercised such influence) trying the case.

But our duty is limited. Clemency must come from another source.

A second jury, as here shown, upon legal evidence, and under a correct exposition of the law, has returned a verdict finding appellant guilty, this time, of manslaughter in the first degree and fixing his punishment at imprisonment in the penitentiary for the term

of seven years. Upon that verdict he has been duly adjudged guilty and sentenced.

We find nothing upon which to base a reversal of the judgment appealed from. And it is affirmed.

Affirmed.