ARMO SPEARS V. STATE.

No. 24224. January 19, 1949.

*T. D. Kimbrough,* Midland, *James D. Willis* and *Henry Russell,* Pecos, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for state.

GRAVES, Judge.

Appellant was convicted of the unlawful killing of Robert L. Wallace and given a term of 15 years in the state penitentiary.

The facts show that appellant and his wife, Lorene Spears, had been divorced on August 25, 1947, and the custody of their six-year old child had been awarded the wife; that on October 12, 1947, in the nighttime, the deceased was in the home occupied by Mrs. Lorene Spears, and evidently seated therein, when some one shot him with a large caliber pistol, the bullet going in at an angle into his right eye and ranging through the head at an angle of about 30 degrees, and from this wound he soon expired. Appellant fired this shot evidently from the outside of the house and through a screen door. Mrs. Lorene Spears was present, but was not used as a witness, she having re-married appellant on December 3, 1947, about 52 days after this homicide. She did not testify on the trial, but appellant admitted that he shot the deceased from outside the screen door after deceased had partially raised up from a sitting position as if to attack him.

There are twelve bills of exception noted in the record, the majority thereof depending upon a certain cross-examination of appellant by the state wherein he was caused to say that he had previously lived in Ector County, and had been married at such time; that he had an adopted child; that this first wife

divorced him and some few days thereafter he had married the present wife, Lorene, who was eighteen years old at such time and was his housekeeper.

Appellant's defense to this homicide was self-defense, that is, he was present outside the house of his divorced wife for the purpose of seeing his seven-year old baby girl and also in an endeavor to effect a reconciliation with his divorced wife, Lorene, and as he approached the house, he heard some talk and Lorene said, "There he is now"; that the deceased was rising up from his seat in a crouching position and he shot him, the bullet going through the screen and into the right eye of the deceased, ranging downward at about a 30-degree angle.

While the matter of appellant's marital troubles could not be utilized as a defense for this killing, possibly the condition of his mind at such time could have been useful to the jury in determining the presence of malice or an adequate cause. Clearly, if a man's own acts were the cause of his home being broken up, or if in his first marriage his actions with Lorene had been the moving cause of the first divorce, possibly the jury could infer that not only was he used to having his home broken up even by his own evil acts, and therefore, it would not greatly perturb him to again find the sanctity of his home invaded. In any event, in view of the penalty herein inflicted, that of fifteen years, it is evident that the doctrine of adequate cause was not accepted by the jury, and we are impressed with the belief that the inference drawn by the district attorney relative to the breaking up of the Ector County home had great weight with the jury as evidenced by their verdict. We think this testimony was inadmissible and injurious to the appellant. See Lasater v. State, 88 Tex. Cr. R. 452, 227 S. W. 949, wherein it is said:

"In addition to the above, we have concluded that it was material error to allow the state to place before the jury facts relative to the marriages of appellant and that he had been sued by each of his wives for divorce. Such facts seem in no way related to the transaction which involved this unfortunate homicide, nor to shed any legitimate light thereon. Webb v. State, 36 Tex. Cr. R. 43, 35 S. W. 380; Hightower v. State, 53 Tex. Cr. R. 487, 110 S. W. 750; Jennings v. State, 42 Tex. Cr. R. 82, 57 S. W. 642."

It is evident from appellant's testimony that his wife, Lorene, had associated with the deceased to some extent and that appellant had remonstrated with both her and the deceased; that in anger he had struck her therefor and injured her; that she

had divorced him, but that there was in progress negotiations looking toward a reconciliation, and it was claimed that such was the cause of appellant's presence at the scene of the homicide. The inference that might have been drawn from this prior divorce and early marriage with his housekeeper, Lorene, may have had an effect upon the jury in determining the existence of an adequate cause.

Practically all of appellant's bills relate either to the admission of such testimony or an argument by the state's attorney relative thereto, and it is not necessary to write further thereon.

The judgment will therefore be reversed and the cause remanded.