LYNN SAMPLE V. STATE.

No. 26,189.   January 28, 1953.

*Schlesinger, Goodstein & Seman,* San Antonio, for appellant.

*Austin F. Anderson,* Criminal District Attorney, *Richard J. Woods,* Assistant Criminal District Attorney, San Antonio, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, twenty-five years.

It is readily deducible from the evidence that the deceased had been having clandestine acts of intercourse with the appellant's wife Rita. It was also shown by witnesses for the state and the accused that the appellant had sought the aid of deceased's wife to bring such affair to a termination. This is the only conceivable motive for the homicide or reason for the appellant to seek out the deceased. The state's theory was that appellant shot the deceased as he walked up to the appellant's automobile. The appellant and his witnesses supported appellant's defense that he had gone to talk to the deceased in the hope of persuading deceased to leave his wife alone; that deceased attacked the appellant; and that appellant, who had just returned from target shooting, shot him in his own self-defense with a .22 calibre rifle which he had in his automobile.

The state was permitted to cross-examine appellant, over proper objection, about his several marriages and divorces prior to his marriage with his present wife. The court permitted such cross-examination on the grounds that the evidence so adduced was admissible in passing upon the credibility of the accused and upon his state of mind at the time of the homicide.

The proof as to Mary Frances Bishop and Gladys Short, whom the state sought to prove he had never divorced, was admissible as tending to support the state's theory that the ap-

pellant was not legally married to Rita at the time of the homicide.

The other marriages and divorces, however, tended to prove no issue in the case, and proof thereof was unquestionably injurious to appellant's case.

It has been the consistent holding of this court that proof of prior marriages and divorces is not admissible unless such evidence tends to solve some disputed issue in the case. We have, since Webb v. State, 36 Tex. Crim. R. 41, reversed convictions where such proof is made. A full review of the authorities may be found in Spears v. State, 153 Tex. Cr. R. 14, 216 S. W. 2d 812.

The converse of the situation here presented was before this court in the very recent case of Bodiford v. State, No. 26,156 (Page 129, this volume). There, the appellant killed his wife because of her alleged infidelity to him. Not being satisfied to rest on the facts immediately connected with the homicide, the appellant sought to impress the jury with the extent of his enraged feelings by testifying that he had never before been married. We held such evidence material, if he chose to offer it, in order to tell the jury that this was the only women he had ever loved. And since he had so offered it, we held that the state might rebut such evidence by proof that appellant had said that he had had another wife.

In the case at bar, however, the appellant, in his direct testimony, did not mention any previous marriage or divorce, but was required, on cross-examination, to give the details of each.

We are convinced that an accused is entitled to stand before a jury free from proof of his past misfortune or misconduct. In line with our prior decisions, we hold that such proof constituted reversible error.

Such a disposition of the case precludes the necessity of passing upon appellant's bills of exception relating to jury argument, in one of which the prosecutor said that the evidence warranted the conclusion that the appellant's principal witness had been paid to testify as he did in the case. There was not a scintilla of evidence to warrant such conclusion; such argument was highly improper and extremely damaging to appellant.

For the reasons stated, the judgment is reversed and the cause remanded.