151 So.2d 741

John WILBANKS

v.

STATE.

5 Div. 610.

Court of Appeals of Alabama.

Nov. 6, 1962.

Rehearing Denied Jan. 8, 1963.

Goodwyn & Smith, Montgomery, Beddow, Embry & Beddow, Birmingham, and George P. Howard, Wetumpka, for appellant.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

CATES, Judge.

Indictment: first degree murder of Barbara Lucas King by shooting her with a rifle [8 mm. Mauser sports]. Verdict: guilty of first degree manslaughter. Sentence: ten years. Motion for new trial: denied.

■ The testimony of Dr. Rehling brought out by the question as to his "investigation of the path of flight from the entrance of that hole" [in which the bullet was found in the King's wall] did not invade the province of the jury, Pruitt v. State, 232 Ala. 421, 168 So. 149, even though the use of "path of flight" in the question related to a material part of the ultimate issue. This question might, in the circumstances outlined in Aylward v. State, 216 Ala. 218, 113 So. 22, fourth heading, be viewed as calling for a shorthand rendering of fact. The rule in Crawford v. State, 262 Ala. 191, 78 So.2d 291, deals with opinions based on examination of body wounds.

■ The trial court committed error in admitting, over proper objection: (a) evidence[1] of the ages of defendant's children because, under the record, it tended to show his having been divorced, Carden v. State, 203 Ala. 173, 82 So. 423; Nelms v. Steiner Bros., 113 Ala. 562, 22 So. 435; 5 Vand.L.Rev. 388–389, 412; Rollings v. State, 160 Ala. 82, 49 So. 329; Deloney v. State, 225 Ala. 65, 142 So. 432; Williamson v. State, 258 Ala. 24, 61 So.2d 1; Vintson v. State, 22 Ala.App. 338, 115 So. 695; Gladden v. State, 23 Ala.App. 416, 125 So. 398; Gilbert v. State, 20 Ala.App. 28, 100 So. 566; Boggs v. Commonwealth, 199 Va. 478, 100 S.E.2d 766; People v. Purvis, 56 Cal.2d 93, 13 Cal.Rptr. 801, 362 P.2d 713; Thompson v. State, 168 Tex.Cr.R. 320, 327 S.W.2d 745; Johnson v. State, 164 Tex.Cr.R. 204, 298 S.W.2d 132, 62 A.L.R.2d 1064; Spears v. State, 153 Tex.Cr.R. 14, 216 S.W.2d 812; Sample v. State, 158 Tex.Cr.R. 220–222, 254 S.W.2d 401; People v. Betts, 94 Mich. 642, 54 N.W. 487; State v. Powell, 120 Kan. 772, 254 P. 128; Knight v. State, Ala., 142 So.2d 899; Jordan v. Copeland, 272 Ala. 336, 131 So.2d 696; (b) evidence of shooting live dogs through the head without showing substantial similarity to State's

---

1. The rule of relevancy is "always applied with considerable strictness in criminal proceedings." Browning v. State, 31 Ala.App. 137, 13 So.2d 54; Dyson v. State, 26 Miss. 362; Hudson v. State, 3 Cold. (43 Tenn.) 355. The trial judge's discretion on relevancy is subject to the rule of law. Ex parte Chase, 43 Ala. 303; R. v. Wilkes [1770], 4 Burr. 2527 (per Lord Mansfield); Osborn v. United States Bank, 9 Wheat. 738, 6 L.Ed. 204 (per Marshall, C. J.); McElroy, Evidence (2d Ed.), § 21.01(7), last paragraph; Wigmore, Evidence (3d Ed.), § 16.

theory of child's death, Knowles v. State, 80 Ala. 9, Birmingham Electric Co. v. Woodward, 33 Ala.App. 526, 35 So.2d 369; Robinson v. Morrison, 272 Ala. 552, 133 So.2d 230, 20 Am.Jur., Evidence, §§ 756, 758, 760; Great A. & P. Tea Co. v. Donaldson, 26 Ala.App. 179, 156 So. 859; (c) testimony of Sheriff Holley [2] that defendant stated he was through answering questions, that he was entitled to counsel, Ala.Const. § 6, People v. Abbott, 47 Cal.2d 362, 303 P. 2d 730; Barber v. State, 191 Md. 555, 62 A. 2d 616; Commonwealth v. Sazama, 339 Mass. 154, 158 N.E.2d 313; State v. Dowling, 348 Mo. 589, 154 S.W.2d 749, Anno. 77 A.L.R.2d 463; and (d) evidence (R. 219–222) in response to a leading question that assumed as true a disputed material fact, i. e., that the bullet taken from the King's cottage wall had passed through the child's head, Green v. State, 96 Ala. 29, 11 So. 478; Stewart v. State, 137 Ala. 33, 34 So. 818; Andrews v. State, 159 Ala. 14, 48 So. 858; Life & Cas. Ins. Co. v. Garrett, 250 Ala. 521, 35 So.2d 109; Butler v. State, 16 Ala. App. 234, 77 So. 72; Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692; Williams v. State, 34 Ala.App. 603, 42 So.2d 500.

The trial court erred in excluding reception of (a) the put-together asbestos shingle torn off the wall of King's house by a deputy sheriff on the night of death, and (b) the photo of the wall with a piece of tar paper seemingly from under the shingle. Hines v. State, 260 Ala. 668, 72 So.2d 296; Busbee v. State, 36 Ala.App. 701, 63 So.2d 290; McElroy, Evidence (2d Ed.), § 21.01(3), last paragraph; Malone v. State, 37 Ala.App. 432, 71 So.2d 99.

■ Error merely does not work reversal: it must do harm. Hence, we examined this entire cause and it appears that under the law each error above "injuriously affected substantial rights of the [de-fendant]." Supreme Court Rule 45; Code 1940, T. 15, § 389.

Therefore, the judgment below must be reversed and the cause there remanded.

Reversed and remanded.

---

2. The withdrawal of Holley's testimony on the next day, on motion of the State, came too late because of the importance of the right to counsel. The graver the import, the greater the duty for prompt and unequivocal action. Maryland Cas. Co. v. McCallum, 200 Ala. 154, 75 So. 902. The State bears the burden of persuasion here. Pelham v. State, 23 Ala.App. 359, 125 So. 688; Capps v. State, 29 Ala.App. 192, 194 So. 689.