## THE PEOPLE v. THOMAS BETTS.

*Criminal law—Trial—Witness—Competency of wife of respondent.*

1. Where three respondents are joined in one complaint, and are informed against and tried separately, and two are convicted, it is not error for the court to compel the third respondent to go to trial at the same term, it not appearing from the record that any of the jurors are prejudiced by reason of the former trials, or incompetent to try the respondent.

2. It is reversible error to permit the prosecution in a criminal case to call the respondent's wife as a witness against him, against his objection, and show by her that respondent, when drunk, has abused her, and turned her out of the house, and that she has not lived with him since, and that during the time she lived with him as his wife he admitted that he had another wife living,—under a claim that the object of such examination is to determine whether the wife is a competent witness in the case.

Error to Kalamazoo.    (Buck, J.)    Argued February 1, 1893.    Decided February 17, 1893.

Respondent was convicted of breaking and entering a flouring-mill in the night-time, with intent to commit the crime of larceny, and sentenced to imprisonment in the State prison for 5 years.    Judgment reversed, and a new trial ordered.    The facts are stated in the opinion.

*Oscar T. Tuthill*, for respondent.

*A. A. Ellis*, Attorney General, and *N. L. Burke*, Prosecuting Attorney, for the people.

LONG, J.   Respondent was tried and convicted in the Kalamazoo circuit for breaking and entering a flouring-mill in the night-time, with intent to commit a larceny.   He was charged in the complaint with two others, who were separately informed against, tried, and convicted at the same term, before the respondent's trial came on.   It is claimed that the court was in error in compelling respondent to go to trial before the jury of that term, for the reason that the trials of the others worked a prejudice against him.   There is nothing in the record showing that any juror was so prejudiced or incompetent to try respondent's case.   This was a matter within the discretion of the trial court, and from this record we are unable to see that there was any abuse of that discretion.

On the trial the people called the respondent's wife as a witness, and were permitted to show by her, against respondent's objection, that she had left him, and that during the time she had lived with him as his wife he admitted that he had another wife living.   She was also permitted to testify that he got drunk, and abused her, and turned her out of the house, and that she had not lived with him since.   The people did not seek to show by her any fact in connection with this case, but did show— if her testimony be true—that the respondent was guilty of another offense.   She had no knowledge of the commission

of the offense of which the respondent is here accused, or that he was in any manner connected with it. After the examination of the witness, no further questions were asked her by the prosecution. The only excuse made in this Court for such an examination of respondent's wife is that these questions were asked for the purpose of allowing the trial court to determine whether she was a competent witness in the case.

The court was in error in permitting this examination to take place. Manifestly, its tendency was to prejudice the defendant's case, and it is difficult to conceive that counsel could have had any other purpose or motive in calling her.

The case must be reversed by reason of this error, and a new trial ordered.

We need not discuss the other errors assigned, as upon a new trial the court will undoubtedly protect the rights of respondent.

The other Justices concurred.