### Stanfield and Smith v. The State.

#### No. 2113. Decided May 1, 1901.

**1.—Placing Obstruction on Railroad Track—Indictment.**

See opinion for indictment, for placing obstruction on a railroad track, which is held sufficient.

**2.—Same—Charge of Court—Principals.**

Where two defendants were being jointly tried for placing an obstruction upon a railroad track, and one of the defendants had testified that he was not present at the time and place when and where the obstruction was so placed by his codefendant, it was imperative that the court should have charged the law as to this phase of the case in connection with the law of principals as submitted in the charge.

**3.—Same—Charge: "Willfully."**

On a trial for placing an obstruction upon a railroad track, where the court charged the jury: "The meaning of the term 'willfully,' as used in the definition of this offense is, that the obstruction mentioned in the indictment was, by defendant, placed upon said railroad track with an evil intent." Held, a charge upon the weight of evidence and that a proper charge upon the subject, as requested by the defendant, should have been given.

**4.—Same—Charge—Placing Burden Upon Defendant to Prove Innocence.**

On a trial for placing an obstruction upon a railroad track, where the court instructed the jury: "If the obstruction, if any upon the railroad * * * was placed there by defendant, but was not such as might endanger human life; or if such obstruction, if any, was not willfully done, then you will acquit defendant." Held, erroneous, as it places the burden upon defendants to prove their innocence and did not give them the benefit of the reasonable doubt.

**5.—Same—Evidence—Contemporaneous Crime.**

On a trial for placing an obstruction upon a railroad track, it was competent for the State to prove the facts attendant upon a second obstruction placed upon the same track, where the two obstructions were analogous in character, and so close together in point of time and place as that they tended to show concert of action between the defendants as well as their motive and intent.

Appeal from the District Court of Wilbarger. Tried below before Hon. G. A. Brown.

Appeal from a joint conviction for willfully placing an obstruction upon a railroad track; penalty, two years for each defendant in the penitentiary.

The indictment was against Tom Stanfield and Rudolph Smith jointly, and charged them jointly with willfully placing an obstruction, a large piece of timber, upon the track of the Fort Worth & Denver City Railway Company, whereby the lives of persons were endangered, on the 16th day of January, 1900. The charging part of the indictment is set out in the opinion below. A motion was made to quash the indictment because it omitted the word "of" between the words "the track" and "the Fort Worth & Denver City Railway Company." This motion was overruled, and the ruling is one of the errors complained of on this appeal. The other errors assigned are fully set out in the opinion, which also presents a very concise but clear synopsis of the salient features shown by the evidence.

No further statement is deemed necessary.

*Snodgrass & Britt* and *F. P. McGhee,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellants were convicted of placing an obstruction on a railroad track, and their punishment assessed at two years confinement in the penitentiary.

Omitting formal portions, the indictment charges that appellants "did then and there unlawfully and willfully place an obstruction, to wit, a large piece of timber, upon the track of a railroad there situated, to wit, the track the Fort Worth & Denver City Railroad Company," etc. The indictment is attacked because of the omission of the word "of" between the expressions "the track" and "the Fort Worth & Denver City Railroad Company;" the contention being that the omission of this word renders the indictment meaningless, and too indefinite to charge an offense. We are of opinion the indictment is sufficient. The expression "the track" can be omitted entirely without changing the meaning or sufficiency of the indictment. It would then read, "unlawfully and willfully place an obstruction, to wit, a large piece of timber, upon the track of a railroad there situated, to wit, the Fort Worth & Denver City Railroad Company," etc., which would be sufficient to charge the offense.

Appellant Smith testified in his own behalf to the effect that he was not present, but was 200 or 300 yards distant from the point of obstruction, at the time it occurred, and had nothing to do with it, and was urging Stanfield away from that point. This theory was not presented to the jury by the charge, and exception was reserved for this omission. We believe this point is well taken. If, as a fact, Stanfield placed the obstruction upon the track, and Smith was 200 or 300 yards distant, and was not aiding or encouraging in any way the placing of said obstruction on the track, he was entitled to an acquittal, and the jury should have been so informed. This was rendered more imperative by reason of the fact that the court charged the law with reference to principals.

The court gave the following definition of the term "willfully": "The meaning of the term 'willfully,' as used in the definition of this offense, is that the obstruction mentioned in the indictment was, by defendants, placed upon said railroad track with an evil intent." This trenches upon the statute which prohibits a charge upon the weight of evidence, and may have impressed the jury with the belief that the court thought defendants did place the obstruction upon the track. The definition of the term "willfully" should have been given as requested by appellants in their special instruction, which was refused.

The following portion of the charge is criticised: "If the obstruction, if any, upon the railroad, charged in the indictment, was placed there by any person other than the defendants; or if it was placed there by defendants, but was not such as might endanger human life; or if such obstruction, if any, was not willfully done,—then you will acquit defendants." This charge tends to place the burden upon defendants to

prove their innocence. Johnson v. State, 29 Texas Crim. App., 150. Unless defendants placed the obstruction upon the track, or there was a reasonable doubt of that fact, defendants were entitled to an acquittal. The State must prove these matters before a conviction can be asked, and the reasonable doubt must be overcome as well.

Evidence was introduced showing that on the same evening, and shortly after the obstruction was placed upon the track, mentioned in the indictment, another obstruction was placed upon the same track some distance from the first. This was objected to for several reasons, none of which, we think, are well taken. This was a case of circumstantial evidence. Smith testified positively that he had no connection with the first transaction, while the evidence for the State strongly tended to show that he did. The foot tracks and other indications in and about the first obstruction strongly tend to show that two persons engaged in placing the obstruction upon the track. It was contended by Smith that, if Stanfield placed the first obstruction upon the track, it was inadvertently done by him; that in extricating his leg from the stock gap into which he had fallen he pulled the planks or timber out, and by this means they were thrown across the railroad track; and that he (Smith) had nothing to do with it. The immediate facts attending the second obstruction are very analogous to those attending the first, and this testimony could be used to connect defendant Smith with the first transaction, as well as to show his intent. Two obstructions, so close together in point of time and place, could hardly reasonably be said to be inadvertent. The evidence very strongly tends to show both defendants placed the second obstruction on the railroad track.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*