## JOE HENDERSON v. THE STATE.

### No. 3380.  Decided January 13, 1915.

**1.—Receiving Stolen Property—Bills of Exception.**

Where the bills of exception were not filed within time, the same can not be considered on appeal; however, if considered, there was no error.

**2.—Same—Evidence—Other Offenses.**

Upon trial of receiving stolen property, towit: one pool and billiard ball, there was no error in admitting testimony that defendant met the thief, who gave him the first billiard ball, and who told him that he had four more for him. Following Gilbraith v. State, 41 Texas, 567, and other cases.

**3.—Same—Evidence—Other Offenses.**

Where defendant was charged with receiving stolen property, towit: one pool and billiard ball, there was no error in admitting testimony that other like property was taken from the defendant at the time the alleged billiard ball was recovered, as well as the testimony that there were five of these balls delivered to the officer, the defendant being present when this began.

**4.—Same—Evidence—Moral Turpitude.**

Upon trial of receiving stolen property, there was no error in permitting the State on cross-examination of one of defendant's witnesses to show that he had been convicted of theft, and refusing defendant to go into the details of said theft.

**5.—Same—Argument of Counsel.**

Upon trial of receiving stolen property where State's counsel in addressing the jury said if the jury turned defendant loose, they would invite crime for all other criminals, the same was not reversible error.

**6.—Same—Requested Charges.**

Upon trial of receiving stolen property, where the evidence sustained the conviction, there was no error in refusing a requested charge to acquit the defendant and refusing others which were embraced in the main charge.

**7.—Same—Misconduct of Jury.**

Where the court heard testimony on the ground contained in the motion for new trial that the jury alluded to defendant's failure to testify and a statement of said testimony was not filed until after the trial court adjourned for the term, the same could not be considered on appeal. Following Probest v.

State, 60 Texas Crim. Rep., 608; besides, there was no such allusion made by the jury.

Appeal from the County Court of Tarrant. Tried below before the Hon. Jesse M. Brown.

Appeal from a conviction of receiving stolen property of the value of $1; penalty, ninety days confinement in the county jail.

The opinion states the case.

*Marvin B. Simpson,* for appellant.—Cited Huffman v. State, 57 Texas Crim. Rep., 399, 123 S. W. Rep., 596.

On question of evidence of other offenses: Pridemore v. State, 59 Texas Crim. Rep., 563, 129 S. W. Rep., 1112; Skidmore v. State, 57 Texas Crim. Rep., 497.

On question of argument of counsel: Holloway v. State, 113 S. W. Rep., 928.

On question of misconduct of jury: Tate v. State, 42 S. W. Rep., 595; Wilson v. State, 46 S. W. Rep., 251.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of receiving stolen property—one pool and billiard ball—of the value of one dollar, and his punishment assessed at ninety days confinement in the county jail.

The term of court at which appellant was tried adjourned on October 31, 1914. The bills of exception were not filed until more than twenty days had elapsed after the adjournment of court. Consequently, the motion of the Assistant Attorney General to strike them from the record must be sustained. But should we consider same we do not think they present any reversible error. Will Barre testified:

"My name is Will Barre. I live here in Fort Worth with my mother. Yes, I know Joe Henderson. I think I have known him two or three years. I was standing in the front door of the Third Street pool hall between 8 and 9 o'clock on the night of September the 29th, when he come up to me and said he needed some pool balls, and said if I could get some pool balls he would buy them from me. I said, 'Well, I will try to get some.' I left then and went home. I stole a pool ball, No. 7, about 1 o'clock, from Henry Watson's pool hall on West Weatherford Street. I took this seven ball up to his room on Weatherford Street, and saw him there. He came out of his room and said, 'Hello, what do you know?' I said, 'I've got a seven ball,' and handed it to him. He took it, but didn't pay me anything then. He said, 'Are you going to get some more?' and I said, 'Yes, I'm going to try to.' I went out and met up with Lambert, and we went to Watson's where I got two more pool balls, and he got two. We took them up to Joe's room, but he wasn't there; his wife said for us to lay them on the floor; so we did so. Then we started down the street and saw Joe Henderson. I said I had four more up there and asked him how much he was going

to pay me for them. He said, 'About two-bits apiece,' and when I said all right, he said he didn't have the money then, and only gave me four-bits. Yes, this all happened in Tarrant County, Texas. No, I am not in the pool ball business, nor a manufacturer of pool balls, nor a pool ball salesman."

Appellant objected to the witness testifying that when he met Henderson on the street, after delivering him the first ball, that he said "he had four more up there and asked him what he was going to pay him." He insists that as he was charged with receiving only one stolen ball, that the State had no right to prove that he had received five instead. As said in Branch's Crim. Law, sec. 338, when extraneous crimes, or other transaction is res gestae, or tends to show intent, when intent is an issue, or tends to connect defendant with the offense for which he is on trial, it is admissible. Gilbraith v. State, 41 Texas, 567; Long v. State, 11 Texas Crim. App., 381; Stanfield v. State, 43 Texas Crim. Rep., 10, and other cases cited in that section. He also objected to the officers being allowed to testify that they recovered all five balls, for he contends that he was charged with having received one. This testimony was all clearly admissible, as was the statement that appellant's wife got the "7 ball" out of the bureau drawer and delivered it to the officer. Appellant was present when the officer called for this ball, and his wife went and got it and delivered it.

When the witness Barre, on cross-examination, testified that he had been convicted of theft, the court did not err in refusing to permit appellant to ask him "of what he had been convicted of stealing, whom he had stole the property from, and where he had stolen it and other details." The fact that he had been convicted of theft was admissible as affecting his credit as a witness, but the remainder of the testimony sought to be elicited was inadmissible for any purpose.

Appellant also complains that the prosecuting officer in presenting the case said, "Gentlemen of the Jury, to turn this defendant loose would invite crime for all other criminals." This remark, if not entirely legitimate, which we think it is, would not present reversible error.

In special charge No. 1 appellant requested the court to give peremptory instructions to acquit. The court did not err in refusing to give the jury such instructions, for the evidence is plain that appellant did receive the stolen property and the facts and circumstances are such in our opinion as to authorize the jury to find that he knew the property was stolen property at the time he received same. Special charge No. 2 was sufficiently presented in the court's main charge. These are all the bills of exception in the record, and the only other ground in the motion for new trial is that the jury discussed the failure of the defendant to testify. The evidence heard on this ground of the motion for new trial was not filed until twenty-four days after court adjourned for the term, and therefore can not be considered. (Probest v. State, 60 Texas Crim. Rep., 608, and cases cited.) We have read the evidence and it does not show that the failure of defendant to testify was dis-

cussed, but only the fact that "defendant had offered no evidence." This was true, and while it would perhaps include the fact that he had not testified, yet they had the right to comment on the fact that all the testimony they had before them was that introduced by the State to show his guilt. Some of the jurymen testify they did not know whether or not he would have been permitted to testify, if he had so desired.

The judgment is affirmed.

*Affirmed.*