### Charlie Williams v. The State.

No. 8093. Decided January 9, 1924.

**1.—Selling Intoxicating Liquor—Evidence—Defendant Under Arrest.**

Where, upon trial of selling intoxicating liquor, the State asked defendant while he was testifying if he did not sign a voluntary confession, and it appeared from the record that at this time defendant was under arrest and in custody of an officer, and no attempt was made to show that he had been warned as required by law, the same is reversible error.

**2.—Same—Evidence—Defendant under Arrest.**

Upon trial of selling intoxicating liquor appellant while testifying was asked by the State's attorney whether he did not make a confession which the latter denied, and the State thereupon was permitted to call in rebuttal another witness who testified that he saw appellant while under arrest while he made his confession that he sold whisky and that he signed the confession, and it was shown at the time that defendant was under arrest and in custody of an officer the testimony was inadmissible.

**3.—Same—Evidence—Arrest—Confession—Impeachment.**

Where, after the witness for the State had testified that defendant had made a confession in which he admitted selling the liquor in question, the defendant further objected thereto upon the ground that it was oral and not written; held that statements made by the accused when under arrest and in custody and unwarned, and not expressly admissible under article 810 C. C. P., are not admissible for purposes of impeachment or any other purpose.

4.—Same—Evidence—Hearsay Evidence.

Upon trial of selling intoxicating liquor it was error to admit the district attorney to testify that after he went to his office and made search for a written confession of defendant and had not been able to find it; that he did not know of his own knowledge that defendant had made a voluntary statement, but that he had ample proof that he had done so from what other people had told him.

5.—Same—Evidence—Written Confession—Declarations of Defendant.

Where objection was made to the introduction of the declarations of defendant while under arrest and unwarned, etc., the same was inadmissible and the objection should have been sustained.

6.—Same—Withdrawing Testimony.

Where, upon trial of selling intoxicating liquor, testimony was admitted of certain confessions by defendant that he sold liquor, and that at the time of these confessions he was under arrest and in the custody of an officer, the defendant at the proper time made a motion to withdraw said testimony from the jury which was refused, the same was reversible error.

7.—Same—Evidence—Argument of Counsel—Contradicting Witness.

Where, upon trial of selling intoxicating liquor, the State's witness had testified that he purchased whisky from the defendant and on cross-examination by defendant answered that he was under indictment for homicide, and upon re-direct examination by the State was permitted to testify that the person he killed was a bootlegger and to go into the details of that particular offense, all of which was extenuated by the argument of the State's counsel, the same is reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Felix D. Robertson.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Howard H. Dailey*, and *A. J. Harper*, for appellant.—Upon question of admitting appellant's confession while under arrest Williams v. State, 225 S. W. Rep., 177; Bondez v. State, 212 id., 494.

Upon question of charge of Court and alleged declarations of defendant: Herndon v. State, 50 Texas Crim. Rep., 552; Hayes v. State, 36 id., 146; Bogus v. State, 55 id., 127; Schwen v. State, 37 Id., 370.

On question of argument of counsel Clark v. State, 23 Texas Crim. App., 263; Tally v. State, 48 Texas Crim. Rep., 474; Askew v. State, 54 id., 414; Johnson v. State, 63 id., 50.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, and *Shelby S. Cox*, District Attorney, for the State.—On question of confession Ballinger v. State, 11 Texas Crim. Rep., 332; Walker v. State, 6 id., 602; Mitchell v. State, 38 Texas Crim. Rep., 187; Rowan v. State, 57 id., 625; Benjamin v. State, 67 Id., 291.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Dallas county for selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There are eight bills of exception in the record. Bill No. 2 shows that while appellant was on the stand testifying the State asked him if he did not sign a voluntary confession, to which he replied "No Sir." The State then said, "In the district attorney's office?" to which appellant replied: "No Sir." Thereupon the district attorney remarked in the presence and hearing of the jury: "I am going to prove he did sign it," and the learned trial judge said, "All right—connect it up of course." It is made to appear that at this time appellant was under arrest and in custody of an officer and there is no attempt made to show that at that time he had been warned as is required by law. In this condition of the record the questions asked were manifestly improper, and in any condition of the record the statement of the district attorney was improper.

Bill of exceptions No. 3 shows that appellant was arrested on this charge and carried to the district attorney's office at the courthouse in Dallas County. While on the witness stand he was asked if he did not make a confession, a voluntary statement to Maury Hughes, admitting the sale of the liquor in this case. This appellant denied. Thereupon the State was permitted to call in rebuttal H. G. Caldwell who testified that he saw appellant while under arrest in this connection, in the district attorney's office. He was asked if he knew whether or not appellant made a confession and replied that he did, and that he saw him sign a paper and that said paper was a confession of selling this whisky to Brite. This testimony of witness Caldwell was objected to by appellant on the ground that the defendant was under arrest and in the custody of an officer, and that any confession or statement made would be inadmissible unless it was first shown that he had been duly warned. The action of the court below in permitting this testimony was erroneous.

By bill of exceptions No. 4 it is made to appear that after being arrested upon this charge appellant was carried to the district attorney's office. While testifying in his own behalf on this trial he was asked if he had not then made a voluntary statement to Maury Hughes admitting this sale. He denied having made such confession. After the witness Caldwell had testified that defendant had made a confession in which he admitted selling the liquor in question, the accused made further objection to the introduction of such testimony upon the ground that oral evidence of the contents of the written confession would be inadmissible. The learned trial judge concluded that such testimony was admissible for the purpose of impeaching the appellant as a witness, the latter having denied while on the witness stand that he had made such statement. This court has said many times that

statements made by the accused when under arrest and in custody and unwarned and not expressly admissible under Article 810 C. C. P. are not admissible for purposes of impeachment or any other purpose. This action of the learned trial judge was erroneous.

By bill of exceptions No. 5 it is made to appear that after appellant had testified that he had not made any voluntary statement in writing in the district attorney's office admitting his guilt in this case, the State called to the witness stand Hon. Shelby S. Cox, Criminal District Attorney of Dallas County, who was permitted to state over objection that after he went in the office of district attorney he made search for a voluntary statement or confession made by defendant and had not been able to find it; that he did not know of his own knowledge that defendant had made a voluntary statement but that he had ample proof from every source that defendant had done so and that this proof was from what other people told him. This testimony was objected to by appellant because it was hearsay and was seeking to get in evidence an unwarned confession by secondary evidence. The action of the learned trial judge in admitting this testimony was clearly erroneous.

By bill of exceptions No. 6 complaint is made that after appellant denied while a witness in the case that he had made a written confession to the officer, Hon. Maury Hughes, district attorney, admitting that he made the sale of intoxicating liquor charged in this case, and after he had called as a witness in his behalf said District Attorney Hughes who testified that appellant made no voluntary statement or confession in writing of any character in his presence or with his knowledge, said witness Hughes was then asked by the State as follows: ''He did not sign a statement, but when he learned the women were under arrest, he said 'By G——, I will take the blame; yes, I sold the whisky; turn the women loose—I will take the blame, turn the women loose.' '' Objection was made to this question because it was admitted appellant was under arrest and was unwarned at the time and that the question was of itself of a harmful character, and that the statement so testified to by Mr. Hughes was in the nature of a confession made orally by appellant and not in conformity with the law. In admitting this evidence the learned trial judge fell into error.

Bill of exceptions No. 7 complains of the fact that after the State and defendant had introduced their testimony and before the court had given its charge to the jury or the arguments had been made, appellant moved the court to withdraw from the jury and exclude the testimony of H. G. Caldwell, Maury Hughes and Hon. Shelby S. Cox above referred to. Appellant's motion was denied. In refusing to exclude said testimony all of which was inadmissible for the reasons above stated, the learned trial judge also fell into error.

Bill of exceptions No. 8 reflects the fact that while State witness Brite was on the stand and had testified that he purchased whisky from the defendant as charged in the indictment herein, on cross-examination he was asked if he was not under indictment for a felony in Dallas County. After some parleying the court directed the witness to answer the question and he answered that he was under indictment. Thereupon, upon redirect examination by the State, said witness was asked what he was indicted for, and he replied that he was indicted for killing George Sanders. He was then asked who George Sanders was and he replied that he was a bootlegger. He was then asked how he happened to kill him. All this was objected to on the ground that it was immaterial and prejudicial to go into the details of the particular offense for which the witness was under indictment. As part of this bill of exceptions it is made to appear that in the closing argument by the State the assistant district attorney said:

"The defendant had brought out that the witness Brite was under indictment for a felony, and when the State undertook to show the real facts in connection with that indictment the defendant had objected, and did not want the real facts known, but he could tell the jury that Brite was an officer and was under indictment for shooting a bootlegger when Brite was undertaking to make an arrest for the illegal selling of liquor; that Brite was doing his duty as an officer, and trying to enforce the prohibition law; that it was his duty to arrest bootleggers, and if the real facts were known they would not censure Brite."

To this testimony and this argument the exception was well taken. We need not go into an analysis of it to demonstrate its improper character.

For the errors above mentioned the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded,*