## CLINT WRIGHT v. THE STATE.

No. 11862.   Delivered April 3, 1929.

The opinion states the case.

*Stewart & Marshall* and *Bledsoe & Crenshaw,* for appellant. On misconduct of prosecuting attorney appellant cites: Brown v. State, 269 S. W. 1051; Stroehmer v. State, 272 S. W. 163; Harwill v. State, 134 S. W. 701; Black v. State, 187 S. W. 333 and Boyd v. State, 299 S. W. 645.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, rape; penalty, five years in the penitentiary.

The indictment is in two counts, the first charging the rape of a female under eighteen years of age, and the second charging rape by force.   The conviction was upon the first count.

Without giving in detail the evidence, suffice it to say for the purpose of the point hereafter discussed that the evidence made the issue of appellant's guilt a closely contested one.   Among the defenses relied on by appellant was the previous unchaste character of the prosecutrix.   On this issue the appellant placed the witness Carl Betenbough upon the stand to prove by him that he saw the prosecutrix engaged in an act of sexual intercourse with one Lee

Christopher at a date prior to the date of the offense with which appellant was charged. It further appears by bill of exception No. 4, presenting this matter, that he was the only witness testifying for appellant to having seen the prosecutrix engaged in any act of carnal intimacy with any person. It further appears that upon cross-examination by private prosecutor this witness was asked this question: "You went in and robbed a filling station, didn't you?" Upon objection by appellant to this question private prosecutor stated in the presence and hearing of the jury: "I want to show that he is not only a liar but also a thief. He helped steal money from the bank; that he has been charged and been arrested for breaking into a filling station;" that at the time appellant objected and excepted to said remarks and asked the court at that time to instruct the jury not to consider the same, which was by the court overruled, and to which appellant then excepted; that after the State had introduced testimony in rebuttal the court then instructed the jury not to consider any of the remarks by the private prosecutor relative to the charges of crime against the said witness. The bill is qualified by the court as follows:

"The only hesitation on the part of court was to ascertain from counsel what evidence of theft by the witness would be offered for impeachment purposes and on ascertaining that such evidence would be insufficient, the jury was instructed to disregard and consider for no purpose, any of the remarks or statements."

It appears from the form of the question that witness was not asked whether he was guilty of an offense that had eventuated in an indictment for a felony or a misdemeanor involving moral turpitude. It further appears from the qualification of the court to the bill of exception that the State was not prepared to make any such proof at the time the question was asked and it further appears notwithstanding this that the remark was made that private prosecutor wanted to show that he was "not only a liar but also a thief." It seems entirely useless to again review the numerous authorities holding similar conduct of prosecutors reversible error. Such conduct has almost uniformly resulted in reversal by this Court through a long period of time, but it seems not to have stopped the practice. A statement by a reputable attorney in the presence of the jury that one of the main witnesses for the appellant was a liar and a thief, especially when as in this case there was no basis for same and the issue of guilt is close, is such conduct as will not be tolerated. See following authorities: Roberts v. State, 295 S. W. 609; Thurman

v. State, 211 S. W. 785; Crawford v. State, 15 Tex. Crim. App 501; Wilson v. State, 1 S. W. (2d) 305; Boyd v. State, 299 S. W. 645; Cantu v. State, 10 S. W. (2d) 542.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.