BUDDY FINLEY V. THE STATE.

No. 22457. Delivered March 31, 1943.

The opinion states the case.

*Wayne Somerville,* of Wichita Falls, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the unlawful sale of whisky in a dry area, and fined the sum of $100.00.

There was but one witness to the sale, who testified positively that appellant sold him a bottle of Mattingly & Moore whisky for $2.00. Appellant denied the making of such sale, and thus an issue of fact was drawn, which the jury decided against appellant.

Appellant complains because he says the trial court failed to present in his charge a paragraph relative to his defense. The only defense offered by appellant was that he did not sell any whisky to the State's witness. The trial court's charge presented such defense in paragraph 3 as follows:

"You are further charged, however, that unless you do find and believe from the evidence that Buddy Finley on or about the 24th day of September, A. D. 1942, in Wichita County, Texas, did sell an alcoholic beverage, to-wit, whisky, to J. M. Rich, or if you

have a reasonable doubt thereof, you will acquit the defendant and by your verdict say not guilty."

We think the above quotation was sufficient to inform the jury of appellant's defense that he did not sell any whisky to the State's witness.

Bills of exceptions Nos. 3 and 4 complain because of the fact that appellant, while on the witness stand, was asked if he had not been charged by complaint with running a bawdy house, and that prostitutes had dates there. Such an offense is one involving moral turpitude, and was a proper matter to be utilized as affecting one's credibility. See Bird v. State, 148 S. W. 738; Bogue v. State, 155 S. W. 943.

We think bill of exception No. 2 reflects error. In his closing argument to the jury the State's attorney made the following statement:

"They are selling whiskey to the soldiers here at Sheppard Field, and this stuff (meaning whiskey) makes them unsatisfactory for service for days. It encourages syphilis, venereal diseases and prostitution, and we want to stamp it out."

These remarks were properly objected to as not supported by the evidence, inflammatory and prejudicial, and did not apply to any issue in the case. It is observed that there was no proof of any kind in the case relative to the matters mentioned by the county attorney. The sale of the bottle of whisky was claimed to have been made to an agent of the State Liquor Control Board; nothing was said about any soldiers, nor about the deleterious effects of whisky upon soldiers, nor its encouragement of venereal diseases, nor prostitution.

We think the safe rule relative to complained of argument to be as laid down in Vineyard v. State, 96 Tex. Cr. R. 401, 257 S. W. 548: "We think the only safe rule to be that this Court should not hold an argument to be reversible error because it is in extreme cases where the language complained of is manifestly improper, harmful, and prejudicial, or where a mandatory provision of the statute is violated, or some new and harmful fact injected into the case. Stanchel v. State, 89 Texas Crim. Rep. 358, 231 S. W. Rep. 120; Henderson v. State, 76 Texas Crim. Rep. 66, 172 S. W. 793; Bowlin v. State, 93 Texas Crim. Rep. 452;" Threadgill v. State, 61 S. W. (2d) 821, 124 Tex. Cr. R. 287.

In the universal desire of all the people to advance the war in which this government is engaged, and a desire to help our soldier boys become efficient and strong in every way, such argument would appeal to any juror, and doubtless impress him with a sense of his duty to the soldier boys to remove from them all temptations that would be a deterrent effect upon his development in both mind and body. No such testimony is found in the record, however. The only matter in evidence was either a sale or not a sale to Mr. Rich, the liquor inspector, who affirmed the same, and appellant who denied the sale.

We think the argument was harmful and was in error, and for such this judgment is reversed and the cause remanded.