Lynn Warden and Eunice Barrowman, Plaintiffs in Error,

*v.*

State of Tennessee, Defendant in Error.

381 S.W.2d 247.

(*Knoxville,* September Term, 1963.)

(May Session, 1964.)

Opinion filed July 15, 1964.

THOMAS E. MITCHELL, Johnson City, for plaintiffs in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The plaintiffs in error were found guilty of possessing intoxicating liquor for the purpose of sale in violation of T.C.A. sec. 39-2527. The jury fixed the punishment of each plaintiff in error at a fine of $500.00 and imprisonment in the County Jail for six months. The motions for new trial of plaintiffs in error were overruled by the Trial Judge and they have perfected their appeal. Hereinafter, the parties will be referred to according to their status in the Trial Court.

The defendants were jointly indicted and tried, not only for the violation of T.C.A. sec. 39-2527, but also as second offenders in violation of T.C.A. sec. 39-2527 and for the violation of T.C.A. sec. 39-2502, which prohibits the sale of intoxicating liquors, and T.C.A. sec. 39-2504, which makes a second violation of T.C.A. sec. 39-2502 a felony. As stated, the jury found the defendants guilty only of

the possession of intoxicating liquor for the purpose of sale and did not find either of the defendants guilty of a second violation of either of the offenses with which they were charged.

The record shows that, at the same term of the Criminal Court of Washington County at which the present case was tried, the defendants were tried under other indictments charging various violations of the liquor laws.

Only three witnesses testified on the trial of the present case. The first witness was a constable of the Fourteenth Civil District of Washington County, who testified that on January 22, 1963 he went to the residence of the defendants at 121 West Chilhowie Avenue in Johnson City, Tennessee, and purchased a pint of whiskey for $4.00. He stated that the defendant Warden admitted him to this residence, that when he asked to buy some whiskey the defendant Eunice Barrowman stepped back into a room, got the whiskey and set it on a table, and that the witness paid the defendant Barrowman for the whiskey and came out of the house.

The second witness, who was likewise a constable of Washington County, testified that the bottle of whiskey was labeled and marked in his presence on January 22, 1963.

The third witness was the Clerk of the Criminal Court of Washington County, who testified that, in Cause Number 6408 in that Court, Lynn Warden had been found guilty of the sale of intoxicating liquor and fined $500.00. In that same numbered cause Eunice Barrowman had been found not guilty by the jury. The record shows that Cause Number 6408 was tried on the morning of May 31, 1963, and the present case was tried on the afternoon of

that same day. Neither of the defendants offered any proof on the trial of the present case.

Four assignments of error are made in this Court. The first assignment is that there is no competent evidence upon which these defendants could be found guilty. The fourth assignment of error is that "This conviction was obtained upon evidence allegedly procured by constables, who were participating in a felonious transaction, and became accomplices thereto, and their testimony is so absurd as to be unbelievable".

██ ██ The jury did not find either of the defendants were guilty as second or subsequent offenders, but only found the defendants guilty of the misdemeanor of possessing intoxicating liquor for the purpose of sale.

In *Thorpe v. State,* 202 Tenn. 298, 304 S.W.2d 309, the Court stated:

"In *Truss v. State,* 81 Tenn. 311, it is held that there are no accomplices in misdemeanor cases; therefore corroboration was unnecessary. That case has never been overruled and we see no reason to do so now." 202 Tenn. at 300, 304 S.W.2d at 310.

The uncorroborated testimony of the constables is therefore sufficient to sustain the conviction for the misdemeanor. It is contended their testimony is unbelievable. The testimony of the two constables is in no way contradicted, nor is the credibility of these witnesses in any way impeached.

In *Hyde v. State,* 131 Tenn. 208, 174 S.W. 1127, the Court stated:

"By an overwhelming weight of authority it is held that a person making an unlawful sale of intoxicating

liquor is not excused from the criminal consequence because the sale was induced for the purpose of securing inculpating testimony." 219 of 131 Tenn., 1130 of 174 S.W.

The above quoted language from the Hyde case was expressly approved in *Thomas v. State,* 182 Tenn. 380, 187 S.W.2d 529. In *Hagemaker v. State,* 208 Tenn. 565, 347 S.W.2d 488, the Thomas and Hyde cases are referred to as the leading cases in Tennessee establishing the rule that the doctrine of entrapment is not recognized in this state.

■ By the second assignment of error, it is stated:

"The verdict of the Jury is contrary to the law in that these defendants were required to go to trial before a jury who had heard evidence of liquor violations which had allegedly occurred on January 19, 1963, and they could not be disinterested and unbiased jurors, having heard the evidence upon which they sat in judgment in in the present case".

By the third assignment of error, it is stated:

"It was error for the Court to require the defendants to go to trial before a jury of whom at least eight had heard the evidence in the case upon which this case was predicated, seeking a felony conviction, and the defendants having exhausted their challenges, moved to quash the entire venire, which motion was overruled by the Court, and this deprived the defendants of a fair and impartial trial before a fair and impartial jury".

As heretofore stated, the present case was tried on the afternoon of May 31, 1963. Cause Number 6408 in

the Criminal Court of Washington County was tried on the morning of that day and in that case the defendant Lynn Warden was found guilty of the illegal sale of intoxicating liquor. Eight of the jurors in the present case were physically present in the court room and heard all or a part of the evidence introduced in Cause Number 6408. The state, in its brief, states:

"The State has no disagreement with the contention that this Court can consider whether or not the defendants were prejudiced by having to stand trial before a jury, eight of whom had voted to convict them in a previous trial."

We do not understand from the record that any of the jurors in the present case had voted to convict defendants in a previous trial. The record shows that when the first twelve prospective jurors were placed in the box for *voir dire* examination, counsel for the defendants stated:

"Ladies and Gentlemen of the Jury, I believe you Ladies and Gentlemen sat in the case of STATE VS. LYNN WARDEN AND EUNICE BARROWMAN early this morning, all of you did, is that correct? I believe your answer is yes."

Since the defendants were indicted for a felony, it was agreed the defense had sixteen peremptory challenges. Counsel for the defendant then peremptorily challenged all twelve of these jurors, and twelve members of the regular panel who had not served in the previous prosecution of these defendants were placed in the jury box. The State accepted these twelve jurors. The defense excused the first four of them. Thereupon the Court instructed the Sheriff to go out and summon four by-

standers qualified for jury service. This was done. With the eight remaining members of the regular panel and four bystanders seated in the box, counsel for the defendant asked them, "How many members of the Jury heard the first case against these two defendants tried this morning?"

Thereupon, the Court stated, "They were in the Court Room, Now, they were not on the jury.", to which counsel for the defendants replied, "No, Your Honor, but they heard it. They were in the court room and heard the trial, Your Honor. There is one, two, three, four, five—nine members of the Jury that heard it."

It thus appears that none of the jurors who served in the present case had ever voted as jurors to convict either of the defendants of any prior offense. They had heard testimony while sitting in the court room in a case in which these same parties were defendants. There is no showing that any of the jurors at any time expressed any opinion as to the guilt or innocence of the defendants in the case which they heard tried earlier.

By statute, in Tennessee, T.C.A. sec. 40-2507, the fact that a prospective juror has formed and expressed an opinion as to the guilt or innocence of the accused, based upon newspaper statements or like sources of information, does not disqualify the juror if he further states on oath that notwithstanding such opinion he, if chosen as a juror, believes he can give the defendant a fair and impartial trial upon the law and the evidence and the Trial Judge shall be of opinion that he is a fair juror.

Since the record in the case before the Court does not show that any of the members of the jury in this case had formed or expressed any opinion as to the guilt

or innocence of the defendants of the offense being tried, or of any other offense on the part of either of them, the mere fact that they had heard testimony given in the trial of these defendants on another offense would not of itself disqualify the jurors.

The defendants cite *Winer v. United States,* 6 Cir., 228 F2d 944, as authority for the contentions made by the assignments of error now being discussed. In that case:

"certain jurors who sat in a prior case in which Marvin Siskin had been convicted and with whom appellant had been jointly indicted, afterward were permitted to sit in appellant's case, although a severance had been granted. The court had ordered the severance on appellant's motion setting forth that he might be found guilty, by association with Siskin, who had theretofore signed a confession of guilt." 948 of 228 F.2d.

In affirming the conviction of appellant, the Court at 950 of 228 F.2d stated:

"The jury's verdict of guilt, therefore, could not have been vitiated by the circumstances that three members had sat on a previous case in which they had believed the testimony of the same felons whom they afterward also believed as witnesses in appellant's case. Appellant suffered no deprivation of a fair trial as a result of the service of some of the jurors in the prior case."

In passing upon the qualifications of jurors under facts quite similar to those in the present case, the Sixth Circuit Court of Appeals, in *Wilkes v. United States,* 291 F. 988, 990, stated:

"Some of the jurors in attendance upon the session had been present in court during the trial of other cases of the general group referred to, and some had sat in some of the other cases. Defendants moved to dismiss the array, and for a new array of jurors, for the reasons just stated, coupled with the proposition that the evidence being similar to the evidence in this case such jurors had passed upon the credit or lack of credit of Taylor and his wife, and had formed or expressed opinions as to the whole series of cases growing out of the indictments in question. Whether or not the practice of moving to dismiss the array was the proper one, it was not error to deny the motion. There was under it no showing of fact that the jurors had either formed or expressed opinions as to the merits of the instant case. There is no presumption of law that they did do so, nor any presumption that a juror who has heard the evidence in one of the cases, or even sat in one or more cases, will be other than impartial in another case merely because it is of the same general type."

In *Manning v. State,* 155 Tenn. 266, 292 S.W. 451, this Court stated the real question to be determined in the present case, as follows:

"The question to be considered on appeal is whether or not defendant was denied a fair and impartial trial by a fair and impartial jury as at common law, for chapter 32, Acts 1911, provides: 'No verdict or judgment shall be set aside or new trial granted by any of the appellate courts of this state, * * * for any error in any procedure in the cause, unless, * * * after an examination of the entire record, * * * it shall affirma-

tively appear that the error complained of has affected the result of the trial. This act cannot be construed so as to impair the right of the prisoner of a fair and impartial jury; hence we must consider whether the procedure had such an effect.' '' Page 276 of 155 Tenn., page 455 of 292 S.W.

The jury did not find either of the defendants guilty as a second or subsequent offender under T.C.A. sec. 39-2528, nor under T.C.A. sec. 39-2504. Therefore, in our judgment, it cannot be said that the result of the trial was in any way affected by the fact that some of the jurors heard the evidence in the prior prosecution. The evidence is uncontradicted that the defendants are guilty of the offense of which they were convicted.

The assignments of error are overruled and the judgment of the Trial Court is affirmed.